IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

NATIONAL SURETY
CORPORATION,

    Plaintiff,

vs.

DUSTEX CORPORATION; MIRON
CONSTRUCTION CO., INC.; and
BOARD OF TRUSTEES OF THE
MUNICIPAL ELECTRIC UTILITY
OF THE CITY OF CEDAR FALLS,
IOWA,

    Defendants.

No. C13-2004

RULING ON MOTION TO
CONTINUE DISCOVERY

## TABLE OF CONTENTS

I.   INTRODUCTION ................................... 2

II.  PROCEDURAL HISTORY ............................. 2

III. RELEVANT FACTS ................................. 3

IV.  DISCUSSION ..................................... 6
     A.   FEDERAL RULE OF CIVIL PROCEDURE 56(d) ............. 6
     B.   Have Dustex and Miron Shown Inadequate Discovery? .......... 7
     C.   Does Dustex and Miron's Requested Discovery Meet the
         Requirements of FEDERAL RULE OF CIVIL PROCEDURE 56(d)? ..... 10

V.   SUMMARY ...................................... 13

VI.  ORDER ........................................ 14

## I. INTRODUCTION

This matter comes before the Court on the Motion for a Continuance for Discovery to Obtain Facts Necessary to Oppose Plaintiff's Motion for Summary Judgment (docket number 32) filed by the Defendant Dustex Corporation ("Dustex") on May 17, 2013. Defendant Miron Construction Company ("Miron") filed a Joinder (docket number 33) in Dustex's Motion on May 20. Plaintiff National Surety Corporation ("National Surety") filed a Resistance (docket number 34) to Dustex's Motion on May 23, and a Resistance (docket number 35) to Miron's Joinder on May 24. Dustex and Miron filed replies (docket numbers 36 and 37) on May 31.

## II. PROCEDURAL HISTORY

On January 14, 2013, Plaintiff National Surety filed a Complaint for Declaratory Judgement against Defendants Dustex, Miron, and the Board of Trustees of the Municipal Electric Utility of the City of Cedar Falls, Iowa ("CFU"). National Surety, an Illinois corporation, is an insurance company that issued four commercial general liability policies to Dustex. Dustex is a Georgia corporation in the business of designing and manufacturing air pollution control equipment and systems. Miron, a Wisconsin corporation, provides construction services. CFU, a municipally-owned public electric utility company operating in Cedar Falls, Iowa entered into a contract with Miron for demolition work and the design, furnishing, and installation of a turnkey baghouse — a pollution control device that collects dust. Miron entered into a contract with Dustex for part of the work including supplying equipment and materials and providing engineering services.

Miron filed an arbitration demand against CFU on August 18, 2009 claiming that CFU owed it funds for work on the turnkey baghouse project. CFU counterclaimed against Miron for breach of contract. CFU filed a petition in the Iowa District Court for Black Hawk County seeking an order to compel Dustex to participate in the arbitration case and, on April 29, 2011, the Court ordered Dustex to join in the arbitration. On

December 7, 2012, CFU filed its third amended statement of claims in the arbitration alleging that Miron and Dustex performed substandard work resulting in an inadequate dust collection system. CFU is claiming damages ranging from 6.5 to 7.8 million dollars.

National Surety filed a Complaint (docket number 1) on January 14, 2013 seeking a declaration that it has no duty to defend or indemnify Dustex or Miron in the arbitration. Dustex filed an Answer (docket number 15) on March 21, generally denying National Surety's allegations. Among other defenses, Dustex's answer alleges National Surety is estopped from denying Dustex a defense or indemnity regarding the arbitration because it failed to issue a clear, timely reservation of rights. Dustex also alleges the existence of damage to property other than its work product constitutes an "occurrence" under the insurance policies issued by National Surety. Miron filed an Answer (docket number 16) on March 21 denying National Surety's allegations and asserting that Miron is an additional insured under the insurance policies issued by National Surety.

On April 29, 2013 the Court adopted a Scheduling Order and Discovery Plan that set the deadline for completion of discovery for December 19, 2013. On May 1, 2013, National Surety filed a Motion for Summary Judgment (docket number 28) against Miron, and on May 2, National Surety filed a Motion for Summary Judgment (docket number 29) against Dustex. The trial ready date is May 19, 2014.

### III. RELEVANT FACTS

The issue raised by the instant motion is whether Dustex and Miron should be allowed to conduct further discovery before the Court considers National Surety's motions for summary judgment. According to Dustex's Motion for a Continuance, "no party had an opportunity to conduct discovery regarding the asserted claims or defenses" because National Surety filed its motion for summary judgment just two days after the Court adopted the Scheduling Order and Discovery Plan. On May 10, Dustex served National Surety with interrogatories, a request for production of documents, and requests for

admission. Dustex claims the responses to the written discovery are necessary to its preparation of an effective opposition to National Surety's motion for summary judgment.

It is apparently undisputed that Dustex gave timely notice to National Surety, through a December 15, 2010 letter, that it could be compelled to participate in arbitration in Iowa.[1] Dustex sent the letter after CFU filed a petition with the Iowa District Court for Black Hawk County seeking to compel Dustex to participate in the arbitration initiated by Miron against CFU. On March 27, 2011, National Surety sent a letter to Dustex confirming it knew of the pending civil action and stating that National Surety was "unable to defend or indemnify [Dustex] in this matter."[2] The letter also stated that National Surety did "not have sufficient information to make a decision" as to whether CFU's arbitration claims were covered by the insurance policies issued to Dustex, but that National Surety would "gather this information as soon as possible and advise you promptly of our decision." The letter then stated that National Surety would provide Dustex with a defense in the matter while investigating "under a full reservation of rights." In the letter, National Surety also identified exclusions that could preclude coverage to Dustex, such as the lack of coverage for property damage to the work or product of Dustex. In an affidavit filed in support of the motion for a continuance, Dustex President Patrick Paul asserts that following the March 2011 letter, National Surety "failed to further clarify or communicate coverage to its insured until January 9, 2013." Affidavit of Patrick Paul (docket number 32-5) at 2.

---

[1] A copy of Dustex's December 15, 2010 letter is attached to National Surety's Complaint as Exhibit G (docket number 1-9).

[2] A copy of National Surety's March 27, 2011 letter is attached to National Surety's Complaint as Exhibit H (docket number 1-9).

4

Dustex and Miron contend that National Surety did not give a timely and proper notice of its reservation of rights regarding the claims made by CFU in arbitration, as required by the insurance policy. Dustex asserts that from April 29, 2011, when the Iowa District Court for Black Hawk County ordered Dustex to participate in the Iowa arbitration, until January 9, 2013, National Surety funded Dustex's defense without issuing any reservation of rights specifically referencing the arbitration claims. Dustex's Memorandum in Support of Motion for a Continuance (docket number 31-1) at 4.

CFU filed its first statement of claims against Miron and Dustex on June 3, 2011, a Second Amended Statement of Claims on May 15, 2012, and a Third Amended Statement of Claims on December 7, 2012. Dustex President Patrick Paul avers that National Surety "failed to inform Dustex of its coverages . . . or reserve any rights under [t]he [p]olicies from the date the First Amended Statement of Claims was filed by CFU until January 9, 2013, twelve days before the underlying arbitration was scheduled to begin." Affidavit of Patrick Paul (docket number 32-5) at 1-2. On January 9, 2013 National Surety sent a letter to Miron's attorney, reserving its rights to deny coverage to Miron and Dustex for claims made by CFU in its third amended statement of claims. On January 11, 2013 National Surety sent a similar letter to Dustex President Patrick Paul, where it reserved its rights to deny any duty to defend or indemnify Dustex in connection with the claims asserted by CFU in the third amended statement of claims.[3]

National Surety's summary judgment motion seeks a declaratory judgment that it owes no duty of defense or indemnification under the insurance policy because CFU's arbitration claims do not allege "property damage" caused by an "occurrence." National Surety states that there must be damage to third-party property in order for there to be an

---

[3] A copy of National Surety's January 11, 2013 letter is attached to National Surety's Complaint as Exhibit I (docket number 1-9).

"occurrence" under the insurance policy issued to Dustex, and CFU's alleged property damage is limited to the work or product of Dustex and Miron. Dustex and Miron state that CFU's claims include allegations and evidence that it sustained damage to property that was not the subject of the contract with Dustex and Miron for the construction of the baghouse. Dustex and Miron seek further discovery in order to "obtain acknowledgments from [National Surety] as to the timing of its reservations," and "to prove . . . that [National Surety] was aware that CFU claimed damage to its 'other property.'" Dustex's Reply (docket number 36) at 5. Dustex and Miron expect further discovery to raise genuine issues of material fact concerning the timing and scope of any alleged reservation of rights, the existence of coverage due to damage to third-party property, and the designation of Miron as an additional insured under the insurance policies at issue.

## IV. DISCUSSION

### A. FEDERAL RULE OF CIVIL PROCEDURE 56(d)

When a party seeks a continuance for discovery to obtain facts necessary to oppose a summary judgment motion, FEDERAL RULE OF CIVIL PROCEDURE 56(d) governs.[4] The Rule provides:

> (d) *When Facts Are Unavailable to the Nonmovant.* If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or

---

[4] Rule 56(d) was previously Rule 56(f). Rule 56(f) was recodified "without substantial change" as Rule 56(d) in December 2010. *Chambers v. Travelers Companies, Inc.*, 668 F.3d 559, 568 (8th Cir. 2012). The textual changes were for stylistic purposes, and "the case law developed under the Rule 56(f) version remains controlling precedent." *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, No. C11-3005-MWB, 2012 WL 2906462, at *2 n.1 (N.D. Iowa 2012).

(3) issue any other appropriate order

The purpose of Rule 56(d) is to "provide an additional safeguard against an improvident or premature grant of summary judgment." *United States ex rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (citation omitted). Allowing a party to request a continuance for further discovery helps prevent a party from being "unfairly thrown out of court" by a premature summary judgment motion. *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). Courts have stated that the Rule "should be applied with a spirit of liberality." *Casino Magic Corp.*, 293 F.3d at 426.

### B. Have Dustex and Miron Shown Inadequate Discovery?

Although discovery need not be complete before summary judgment, courts have stated that summary judgment is appropriate only when the nonmoving party has had an adequate opportunity to conduct discovery. *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). Thus, a party seeking a continuance for discovery must demonstrate that discovery has been inadequate. *Pony Computer, Inc. v. Equus Computer Sys. of Mo.*, 162 F.3d 991, 996 (8th Cir. 1998). In *Pony Computer*, the Court affirmed summary judgment because the party seeking additional discovery had nearly a year to conduct discovery and had failed to pursue further discovery upon receiving answers to interrogatories. *Id.* The Court in *Martindale Corp. v. Heartland Inns of Am. L.L.C.*, 2009 WL 362270 at *1 (N.D. Iowa), however, granted the plaintiff's Rule 56(f) motion noting that the inadequate time for discovery made summary judgment premature. The defendant had filed a motion for summary judgment before either party conducted any discovery and only six weeks after the filing of the complaint. *Id.*

National Surety argues that no discovery is necessary in order for Dustex to respond to the motion for summary judgment because the issues raised by the summary judgment motion turn only on contract interpretation. National Surety's Resistance (docket number

7

34) at 9. Courts have stated that discovery "is not necessary in every situation." *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). FEDERAL RULE OF CIVIL PROCEDURE 56, the Rule governing summary judgment, does not require a court to allow parties to conduct discovery before granting summary judgment. *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997). The Court in *Iverson* noted, for example, that allowing time for discovery would not be necessary when a complaint is facially time-barred or the party was merely attempting to "fish for a constitutional violation." *Iverson*, 172 F.3d at 530. *See also Duffy*, 123 F.3d at 1041 ("Rule 56(f) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of a constitutional violation.").

Although discovery is not always necessary before summary judgment, summary judgment is improper if the failure to allow discovery prevents the nonmoving party from having a fair opportunity to respond to the motion. *Iverson*, 172 F.3d at 530. The Court in *Iverson* held that the district court had prematurely granted summary judgment when it dismissed the plaintiff's claims without addressing the plaintiff's requests for discovery. *Id.* The Court noted that it appeared that some discovery was required for the plaintiff to assert his claims, and despite repeated discovery requests the plaintiff had not had access to financial records necessary to present his case. *Id.* In vacating the summary judgment, the Court stated that "[w]hen relevant information is entirely within one party's control, discovery requests must be enforced to ensure that the other party has access to adequate information to respond to a motion for summary judgment." *Id.* at 531.

Courts have found discovery necessary even when the case seems to turn on contract interpretation. The Court in *Martindale Corp. v. Heartland Inns of Am. L.L.C.*, 2009 WL 362270 at *1 (N.D. Iowa), denied summary judgment as premature when neither party had conducted discovery. The Court reasoned that discovery may be "critical" even in cases that involve only "a relatively simple declaratory judgment on a contract." *Id.*

Similarly, the Court in *Nelson v. American Home Assur. Co.*, 2011 WL 2397160 at *2 (D. Minn. 2011), denied summary judgment on a suit seeking a declaratory judgment on insurance coverage and granted the defendant's Rule 56(d) motion for a continuance because the parties had not conducted any discovery. The Court reasoned that "this case is truly in its infancy; [the defendant] has been afforded *no* chance to obtain *any* discovery here." *Id.* at *1.

Here, Dustex and Miron have not had an adequate opportunity to conduct discovery. National Surety filed its motion for summary judgment just two days after entry of the Scheduling Order and Discovery Plan. As in *Martindale Corp.*, the summary judgment motion was filed before any party had conducted discovery. Although National Surety argues that discovery is unnecessary in this case, summary judgment would not be proper if denying Dustex and Miron discovery prevents them from having a fair opportunity to respond to the motion to summary judgment. Here, Dustex seeks discovery of information relevant to the nature and timing of any alleged reservation of rights made by National Surety so it can assess whether National Surety is estopped from asserting non-coverage. *See* Dustex's Memorandum in Support of Motion for Continuance (docket number 32-1) at 8-9. Similar to *Iverson*, where the plaintiff requested discovery of relevant information entirely within the other party's control, Dustex and Miron seek information solely under National Surety's control, such as the timing and nature of its investigation and conclusions regarding its duties of defense and indemnity. As the *Iverson* Court reasoned, summary judgment is premature where parties do not have access to relevant information entirely under another party's control. Further, while National Surety argues that discovery is not necessary because the case turns on contract interpretation, *Martindale Corp.* and *Nelson* show that courts have considered discovery crucial even in actions for a simple declaratory judgment on a contract. Thus, discovery in this case was inadequate, making any summary judgment determination premature.

## C. Does Dustex and Miron's Requested Discovery Meet the Requirements of FEDERAL RULE OF CIVIL PROCEDURE 56(d)?

National Surety also argues that Dustex and Miron have not met the requirements of Rule 56(d) because the discovery sought has no relevance to National Surety's motion for summary judgment, and Dustex and Miron have failed to demonstrate that they cannot present facts essential to justify their opposition to summary judgment. National Surety's Opposition (docket number 34) at 6-7. The Eighth Circuit Court of Appeals has stated that Rule 56(d) is not to be used as a "shield" to prevent summary judgment "without even the slightest showing by the opposing party that his opposition is meritorious." *United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985). Thus, courts require a party seeking a continuance under Rule 56(d) to file an affidavit identifying what particular facts the party believes further discovery will reveal. *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997). Specifically, the affidavit must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008).

A party moving for a continuance under FEDERAL RULE OF CIVIL PROCEDURE 56(d) must do more than speculate as to what additional facts the party might uncover through further discovery. *Equal Emp't Opportunity Comm'n v. American Home Products Corp.*, 199 F.R.D. 620, 631 (N.D. Iowa 2001). While the rule does not require clairvoyance, the party must explain "with some precision" what materials the party seeks to procure through additional discovery and how the information acquired will help the party oppose summary judgment. *Id.* For example, in *American Home Products Corp.*, the Court held that the plaintiffs did not meet the requirements of Rule 56(f). *Id.* at 632. The plaintiffs had filed a declaration stating counsel believed evidence obtained through further discovery

would show that the plaintiffs were terminated in retaliation for their opposition to sexual harassment of female employees, and that the releases signed by the plaintiffs were not signed knowingly and voluntarily. *Id.* The Court stated that the declaration did not satisfy Rule 56(f) because it only contained "conclusory assertions of the inferences counsel expects a trier of fact will be able to draw," without stating what particular facts discovery may reveal to support the inferences or what materials the plaintiffs sought to obtain through further discovery. *Id.*

In addition to identifying what materials the party seeks to obtain through additional discovery, the party moving for a continuance under Rule 56(d) must make a good faith showing that the additional evidence discovered might rebut the opposing party's demonstration of the absence of a genuine issue of material fact. *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). A court is justified in denying discovery before ruling on a summary judgment motion if the facts sought by the party moving for a continuance would not prevent the entry of summary judgment. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, No. C11-3005-MWB, 2012 WL 2906462, at *3 (N.D. Iowa 2012). For example, in *Michael Foods, Inc. v. Allianz Ins. Co.* 2003 WL 1956294 at *4 (D. Minn. 2003), the Court denied the plaintiff's Rule 56(f) motion because the plaintiff failed to explain how further discovery might reveal information relevant to the issue raised by the summary judgment motion. The parties did not dispute the facts, and the only issue before the Court was the reasonableness of the defendant insurer's one year limitation period on filing an insurance claim. *Id.* at *2 The Court stated that there was no reason to extend discovery because the case involved only contract interpretation, and further discovery would only be necessary if there was a dispute as to the contract's terms, the timing of the occurrence, or the insurance company's letters denying coverage. *Id* at *3. However, a continuance for discovery is appropriate when the discovery sought is relevant to the subject of the opposing party's argument on summary judgment. *Fraserside*, 2012

WL 2906262 at *7. In *Fraserside*, the Court granted in part the plaintiff's Rule 56(d) motion for additional discovery because the proposed discovery, which concerned the defendant's contacts with the forum state, "could rebut [the defendant's] legal argument on the issue of personal jurisdiction." *Id.* at *7.

Here, Dustex and Miron have met the requirements of FEDERAL RULE OF CIVIL PROCEDURE 56(d). First, Dustex filed an affidavit that complied with the requirements of Rule 56(d) by identifying what facts Dustex sought, such as when National Surety allegedly issued a reservation of rights and when National Surety acquired knowledge of CFU's claims, and explaining that these facts were expected to raise genuine issues of material fact concerning the timing and scope of any reservation rights and the existence of coverage. By referencing the outstanding discovery requests for documents under National Surety's control, the affidavit explained why Dustex has been unable to obtain the facts it seeks. *See* Affidavit of Patrick Paul (docket number 32-5) at 3. Second, Dustex and Miron did more than speculate as to what additional facts additional discovery might reveal. Dustex and Miron explained with the requisite precision what materials and facts the parties seek. *See* Dustex's Memorandum in Support of a Motion for a Continuance, (docket number 31-1) (explaining that the written discovery served on National Surety seeks, among other items, facts and documents concerning when National Surety received notice of CFU's arbitration claims, what information and documents National Surety received from arbitration defense counsel, and when and by what means National Surety gave Dustex notice of its decision regarding coverage.).

Further, Dustex and Miron have demonstrated that the facts uncovered through additional discovery are relevant to National Surety's summary judgment motion. Unlike *Michael Foods*, where the Court found the requested discovery irrelevant because the parties did not dispute the facts and the case turned only on the reasonableness of a contract term, the parties in this case dispute facts such as the timing and nature of

National Surety's alleged reservation of rights and the existence of damage to third-party property. As in *Fraserside*, where the proposed discovery was relevant to the subject of the opposing party's argument on summary judgment, Dustex and Miron's proposed discovery is relevant to National Surety's summary judgment argument of non-coverage. The proposed discovery, which concerns the timing and scope of National Surety's alleged reservation of rights and its alleged knowledge of allegations of damage to third-party property, could rebut National Surety's argument on summary judgment. Therefore, Dustex and Miron's proposed discovery satisfies the requirements of FEDERAL RULE OF CIVIL PROCEDURE 56(d).

## V. SUMMARY

In conclusion, Dustex and Miron have shown that they should have the opportunity to conduct discovery before the Court considers National Surety's motion for summary judgment. Dustex and Miron did not have an adequate opportunity to conduct discovery because National Surety filed its summary judgment motion before any discovery occurred, and Dustex and Miron have not had access to relevant information under National Surety's control. Dustex and Miron's requested discovery meets the requirements of FEDERAL RULE OF CIVIL PROCEDURE 56(d) because the parties have identified with the requisite precision what facts and materials they seek. Dustex and Miron have explained that the facts and materials sought are expected to raise an issue of material fact concerning the timing and scope of National Surety's alleged reservation of rights and National Surety's knowledge of claims of damage to third-party property. The requested discovery is relevant to the summary judgment motion because the facts sought could rebut National Surety's summary judgment argument that it has no duty to defend or indemnify Dustex and Miron. Therefore, Dustex and Miron must be allowed to conduct further discovery.

## VI. ORDER

IT IS THEREFORE ORDERED that the Motion for Continuance for Discovery (docket number 32) filed by Defendant Dustex Corporation, as joined by Defendant Miron Construction Co., Inc. (docket number 33) is **GRANTED** as follows: The parties may engage in all appropriate discovery permitted under the FEDERAL RULES OF CIVIL PROCEDURE. Defendants' resistances to Plaintiff's motions for summary judgment must be filed not later than **August 21, 2013.**

DATED this 21st day of June, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA