IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NATIONAL SURETY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTEX CORPORATION; MIRON CONSTRUCTION CO., INC.; and BOARD OF TRUSTEES OF THE MUNICIPAL ELECTRIC UTILITY OF THE CITY OF CEDAR FALLS, IOWA,<br><br>Defendants. | No. C13-2004<br><br>RULING ON MOTION TO COMPEL |

On the 23rd day of December 2013, this matter came on for hearing on the Motion to Compel Production of Documents (docket number 57) filed by the Plaintiff on November 21, 2013. Plaintiff National Surety Corporation ("National Surety") was represented by its attorneys, Heather C. Sullivan and Drew A. Cumings-Peterson. Defendant Dustex Corporation ("Dustex") was represented by its attorney, Christopher P. Jannes. Defendant Miron Construction Co., Inc. ("Miron") was represented by its attorney, Donald G. Thompson. Defendant Municipal Electric Utility of Cedar Falls ("CFU") was represented by its attorney, Jeffrey A. Stone.

## I. RELEVANT FACTS AND PROCEEDINGS

In 2006, CFU entered into a contract with Miron for the installation of a turnkey baghouse at its facility in Cedar Falls. Miron then subcontracted with Dustex for part of

the work, including supplying equipment and materials and providing engineering services. CFU claims that the baghouse has never worked properly.

In August 2009, Miron filed an arbitration action against CFU, claiming it was owed money for work on the project. CFU counterclaimed, alleging breach of contract. In December 2010, Dustex notified National Surety, its insurer, of the pending arbitration. Dustex was later ordered by the state court to join in the arbitration.

In March 2011, National Surety started providing Dustex with a defense in the arbitration action when it retained attorney Martin J. Kenworthy to represent Dustex's interests. The parties dispute whether National Surety adequately advised Dustex that it would be defending the claim under a reservation of rights. Kenworthy's representation continued throughout the arbitration proceeding. On November 7, 2013, the arbitration panel found in favor of CFU, and against Miron and Dustex, in the amount of $3,419,697.29.

Meanwhile, on January 11, 2013, National Surety sent a letter to Dustex, which it described as a "supplemental reservation of rights." After the letter was received in January 2013, attorney William Sitton became actively involved in the arbitration on behalf of Dustex. Dustex claims that Sitton's involvement was only required after it discovered, upon receipt of the January 2013 letter, that National Surety was reserving its rights regarding indemnification.

On January 14, 2013, National Surety filed the instant action seeking declaratory judgment. National Surety asks the Court to enter an order declaring that it has no duty to defend or indemnify Dustex and/or Miron regarding the claim brought by CFU. Dustex, Miron, and CFU filed answers on March 21. On April 29, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Two days later, on May 1, National Surety filed a motion for summary judgment against Miron. The next day, May 2, National Surety filed a motion for summary judgment against Dustex.

However, on December 18, 2013, National Surety filed a motion to withdraw its motions for summary judgment, which was granted by the Court on December 27.

The dispute now before the Court involves discovery being conducted by National Surety. On July 30, 2013, National Surety served Dustex with a request for production of documents. While Dustex initially objected to many of the requests, the parties were able to resolve most of the disputes. According to its attorney, Dustex has produced over 20,000 pages of documents, including copies of all of Mr. Sitton's communications with Mr. Kenworthy and Dustex's employees. The parties are unable to agree, however, regarding request number 13:

> To the extent not produced in response to the above results, all bills, invoices, statements and other documents which set forth any fees or costs incurred by you for the services of William L. Sitton, Esq. that relate to or concern, the District Court Action, the Arbitration and/or any other claims or litigation in connection with the Project.

National Surety asks the Court to enter an order directing Dustex to produce copies of Mr. Sitton's billings and invoices, reflecting what work was performed for Dustex and when. In its response to the request for production of documents, Dustex objects to the request as overly broad, irrelevant, and protected by the attorney-client privilege.

## II. DISCUSSION

### A. *Unduly Burdensome*

Dustex first argues that production of Mr. Sitton's invoices would be unduly burdensome. At the instant hearing, however, Mr. Jannes admitted that he had not seen the invoices and did not know if they consisted of 20 pages or 200 pages. The Court finds it difficult to believe that accessing invoices submitted by an attorney to a client is a difficult or burdensome process. The Court rejects Dustex's claim that production of the invoices would be unduly burdensome.

## B. Relevance

Next, Dustex argues that the invoices are not relevant to the issues raised in the instant action. National Surety asserts, however, that the documents are relevant to Dustex's claim that it was prejudiced by National Surety's failure to give adequate notice of its reservation of rights. The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Davis v. Union Pacific R.R. Co.*, 2008 WL 3992761 (E.D. Ark.) at *2 ("a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"); *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (same).

Dustex claims that when National Surety started providing a defense for Dustex in the arbitration action, National Surety failed to properly notify Dustex that the defense was being provided under a reservation of rights. According to Dustex, it was prejudiced by National Surety's failure to give adequate notice of a reservation of rights until January 2013. Dustex asserts that if it had known National Surety was providing a defense under a reservation of rights, then it would have become actively involved at the beginning of the arbitration in order to protect its interests.

In support of its claim of prejudice, Dustex argues that as soon as it became apparent in January 2013 that National Surety was providing a defense and possible indemnification under a reservation of rights, Dustex asked Mr. Sitton to take a more active role in defending CFU's claims. National Surety argues that invoices submitted by Sitton before and after January 2013 will either support or refute the claim that Dustex

4

became more actively involved in the arbitration action after it became clear that National Surety was proceeding under a reservation of rights.

Generally, the party resisting production of the requested information bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Given the broad scope of discovery afforded under the FEDERAL RULES OF CIVIL PROCEDURE, the Court concludes that the nature, amount, and timing of work performed by Mr. Sitton in defense of the arbitration action is relevant to Dustex's claim that it was prejudiced by National Surety's alleged failure to provide adequate notice of a reservation of rights. *Rolscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992) ("Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'").

### C. Attorney-Client Privilege

A finding of relevance does not, however, end the analysis of whether the invoices are discoverable. RULE 26(b)(1) allows discovery "regarding any *nonprivileged* matter that is relevant to any party's claim or defense." (emphasis added) Accordingly, the Court must determine whether Mr. Sitton's invoices are protected by the attorney-client privilege, as claimed by Dustex.

The attorney-client privilege, as codified in Iowa Code § 622.10(1), provides that "[a] practicing attorney . . . who obtains information by reason of the person's employment . . . shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline." Generally, the attorney-client privilege protects against the disclosure of "any confidential communication between an

attorney and the attorney's client against the will of the client." *Brandon v. West Bend Mut. Ins. Co.*, 681 N.W.2d 633, 639 (Iowa 2004) (quoting *Squealer Feeds v. Pickering*, 530 N.W.2d 678, 684 (Iowa 1995)). It is undisputed that Mr. Sitton established an attorney-client relationship with Dustex. Accordingly, any "confidential" communications between them are privileged, subject to certain exceptions.

As a threshold matter, the Court must determine whether an attorney's billings and invoices are "confidential communications," which are protected by the attorney-client privilege. As the party resisting discovery through the assertion of a privilege, Dustex has the burden of showing that the attorney-client privilege applies here. *Exotica Botanicals, Inc. v. Terra Intern., Inc.*, 612 N.W.2d 801, 804 (Iowa 2000). "Because it impedes the full and free discovery of the truth, the attorney-client privilege is strictly construed." *Miller v. Continental Ins. Co.*, 392 N.W.2d 500, 504 (Iowa 1986). "Generally billing records which do not reveal confidential information are subject to discovery and not protected by the attorney-client privilege." *Beavers v. Hobbs*, 176 F.R.D. 562, 565 (S.D. Iowa 1997). *See generally*, E. Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 121 (5th Edition 2007).

While the Court has not found any Iowa case directly on point, the overwhelming majority of cases from other jurisdictions hold that an attorney's billings and invoices are protected by the attorney-client privilege only to the extent they contain confidential information. *See, e.g.*, *C.J. Calamia Const. Co., Inc. v. ARDCO/Traverse Lift Co. LLC*, 1998 WL 395130, *3 (E.D. LA.) ("[T]ime sheets and billing records are protected by the attorney-client privilege to the extent that they reveal the nature of services performed and/or the type of work performed by an attorney. Thus, billing statements and records that simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery."); *Leach v. Quality Health Services*, 162 F.R.D. 499, 501 (E.D. PA. 1995) ("It is generally accepted,

however, that 'attorney billing statements and time records are protected by the attorney-client privilege *only* to the extent that they reveal litigation strategy and/or the nature of services performed.'") (italics in original); *Rayman v. American Charter Federal Sav. & Loan Ass'n*, 148 F.R.D. 647, 660 (D. Neb. 1993) (billing statements which "do not provide any type of legal advice" are not covered by the attorney-client privilege); *Colonial Gas Co. v. AETNA Cas. & Sur. Co.*, 144 F.R.D. 600, 607 (D. Mass. 1992) ("Documents regarding the payment of fees, billing and time expended are generally subject to discovery."); *Chesapeake & Ohio Ry. Co. v. Kirwan*, 120 F.R.D. 660, 665 (S.D. W. Va. 1988) (invoices and supporting documents which describe the work performed "in very general terms" are not protected by the attorney-client privilege); *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986) ("Billing records and attorney hourly statements which do not reveal client communications are not privileged."). *But see Real v. Continental Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) ("[T]he attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided.").

Accordingly, the Court concludes that Dustex may not rely on a blanket claim of privilege in refusing to produce Mr. Sitton's billings and invoices. At the hearing, Dustex's attorney conceded that he had not even seen the disputed documents and, therefore, it is unknown whether they contain confidential information. Therefore, National Surety's motion to compel will be granted. If Dustex claims that specific entries on the billings contain confidential information, then they may redact that entry, and submit an appropriate privilege log. The Court notes, however, that entries that describe only generally the work performed will not be considered "confidential information." For

example, entries that state "reviewed discovery" or "drafted brief" do not constitute privileged confidential information.[1]

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 57) filed by National Surety is **GRANTED** as follows: Not later than ten (10) days following the entry of this Order, Dustex must produce those documents described in National Surety's request for production number 13. To the extent that Dustex claims any individual entry constitutes "confidential information," it must produce an appropriate privilege log.

DATED this 6th day of January, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Because Dustex is unable to rely on a blanket claim of attorney-client privilege to the billings and invoices generally, the Court finds it unnecessary to determine at this time whether an exception to the privilege may apply to a specific entry which Dustex may later claim includes confidential information.